**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ANDREW PERRONG,

      Plaintiff,                                     **JURY TRIAL DEMANDED**

v.                                                 Case No. 19-cv-2425

HARRIS & HARRIS, LTD.

      Defendant.

## COMPLAINT

    NOW COMES, ANDREW PERRONG, through counsel, HANSEN REYNOLDS, LLC,

complaining of HARRIS & HARRIS, LTD., as follows:

### NATURE OF THE ACTION

    1.      This action seeks damages for Defendant's violation(s) of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; the Illinois Automatic Telephone Dialers

Act ("ATDA"), 815 ILCS 305 *et. seq*. and the Telephone Consumer Protection Act ("TCPA"),

47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

    2.      This Court has federal question subject matter jurisdiction over the FDCPA and

TCPA claims pursuant to 28 U.S.C. § 1331 and it has supplemental jurisdiction over the ATDA

claims.

    3.      Venue in this district is proper under 28 U.S.C. § 139l(b)(l) as the Defendant

resides in this District and 28 U.S.C. § 139l(b)(2) because the dialing equipment that made the

calls at issue is believed to be in this District.

## PARTIES

4.    ANDREW PERRONG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Montgomery County, Pennsylvania.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.    HARRIS & HARRIS, LTD. ("Defendant") operates as a collection agency and law firm. It offers outstanding accounts receivable services. The company also focuses on litigation management, disaster recovery, debt purchasing, asset identification, commercial insurance resolution, and primary and secondary contingency collection activities. It serves government agencies, and utility and healthcare industries in the United States. Harris & Harris, Ltd. was founded in 1968 and is based in Chicago, Illinois.

8.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.    Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

10.    Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 3458.

12.    At all times relevant, Plaintiff's number ending in 3458 was assigned to a Voice over Internet Protocol ("VoIP") phone line, a service for which Plaintiff is charged on a per call basis, as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

14.    Between December 27, 2017 and September 27, 2018, Harris & Harris made at

least 31 "robocalls" to Plaintiff which used an "artificial or prerecorded voice" to transmit a message to Plaintiff's private telephone number. The calls were made to collect a debt that the Plaintiff did not owe and was not associated with the Plaintiff. In fact, the Plaintiff repeatedly informed the caller that he was not the individual they sought. Yet, the calls continued.

15.     Defendant's robocalls were made to Plaintiff's VoIP line for which Plaintiff receives a per call charge.

## DAMAGES

16.     Defendant's unlawful collection practices have disrupted Plaintiff's everyday life and overall well-being.

17.     Defendant's telephone harassment campaign have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls intrusion upon and occupation of Plaintiff's telephone capacity, invasion of privacy, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs his telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

18.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d(5)

19.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

20.     Defendant violated 15 U.S.C. § 1692d(5) by calling Plaintiff daily, sometimes multiple times per day, for a period of time.

21.     Defendant violated 15 U.S.C. § 1692d(5) by calling Plaintiff on no less than 31 occasions.

22.     Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

23.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

(A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

4

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant' s

violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding

$1,000.00;

D.      an award of costs of this action, together with reasonable attorney' s fees as

determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

### COUNT II:

### Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.)

24.      All paragraphs of this Complaint are expressly adopted and incorporated herein as
though fully set forth herein.

25.      Defendant placed or caused to be placed no less than 31 non-emergency calls,
including but not limited to the aforementioned collection calls, to Plaintiff's VoIP phone service
utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice
without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(l)(A)(iii).

26.      Based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS
to place calls to Plaintiff's telephone.

27.      Upon information and belief, the ATDS employed by Defendant has the ***capacity***
– (A) to store or produce telephone numbers to be called, using a random or sequential number
generator; and (B) to dial such numbers.

28.      In fact, the use of a pre-recorded message itself is evidence of the use of an
ATDS, as it would be illogical to hand-dial calls and then employ the use of a pre-recorded
message.

29.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

30.     As a result of Defendant violations of 47 U.S.C. §227 (b)(l)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

31.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that Defendant violated 47 U.S.C. § 227 *et seq*.,

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

## COUNT III:

### Illinois Automatic Telephone Dialers Act (815 ILCS 305 *et. seq*.)

32.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33.     Defendant placed or caused to be placed no less than 30 non-emergency calls using an artificial or prerecorded voice without Plaintiff's consent in violation of 815 ILCS 305/15(d).

34.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

35.     As a result of Defendant's violations of 815 ILCS 305/15(d), Plaintiff is entitled to receive $500.00 in damages for each violation, as well as his costs and reasonable attorneys fees. *See* 815 ILCS 305/30.

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that Defendant violated 815 ILCS 305/15(d),

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of costs and reasonable attorneys fees; and

D.      an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated this 10th day of April, 2019.

Respectfully submitted,

**HANSEN REYNOLDS LLC**

By: */s/ Michael C. Lueder*
    Michael C. Lueder
    Email: mlueder@hansenreynolds.com
    301 N. Broadway Suite 400
    Milwaukee, WI 53202
    Ph. (414) 803 1031

    Alan W. Nicgorski
    Email: anicgorski@hansenreynolds.com
    150 S. Wacker Dr Ste 2400
    Chicago, IL 60606
    Ph. 414-273-8474
    Fax: 414-273-8476

    Anthony Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    [o] (617) 485-0018
    [c] (508) 221-1510
    [f] (508) 318-8100

    *Attorneys for Plaintiff Andrew Perrong*